*E-Filed 6/29/10*

JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:   (415) 436-7264
    Facsimile:    (415) 436-6748
    Email: abraham.simmons@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ILIANA DALEY,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN E. POTTER, Postmaster General of the United States,<br><br>    Defendant. | No. C 09-3338 ~~WHA~~ RS<br><br>**STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [~~PROPOSED~~] ORDER** |

    IT IS HEREBY STIPULATED by and between the parties, after full and open discussion, that this action be settled and compromised on the following terms:

    WHEREAS, Plaintiff filed the above-captioned action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16, as amended the Rehabilitation Act of 1973 and the Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 633a;

    WHEREAS, Plaintiff has filed the requisite administrative EEO complaints with the United States Postal Service including Agency Case No. 4F-940-0115-08:

    WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised, arising out of Plaintiff's employment with Defendant, which have transpired prior to the execution of this Agreement;

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. **Recognition of non-performance related termination of employment**. Defendant will ensure that plaintiff's Notification of Personnel Action ("Form 50") will reflect that the termination of plaintiff's employment on September 17, 2004 and on March 12, 2010 were non-performance related (i.e., voluntary resignation or separation on account of service no longer required). Plaintiff will direct employment inquiries to the Human Capitol Enterprise Service (also known as "Shared Services"). In response to employment inquiries, Shared Services will verify Plaintiff's name, salary, dates of service with the agency, position, grade, and that she voluntarily resigned. Shared Services will not disclose that plaintiff's September 17, 2004, removal was for being Absent Without Leave. Defendant's obligations under this paragraph shall expire five (5) years after the date this agreement is "so ordered" by the Court.

2. **Future Employment.** Plaintiff agrees that she will not apply for employment at the United States Postal Service for a period of 20 years following the date of her signature on this agreement. If plaintiff for any reason does become employed by the United States Postal Service again for any job, this agreement shall be sufficient cause for termination of such employment.

3. **Payment through March 12, 2010.** Plaintiff shall be deemed to have resigned from her employment with the United States Postal Service effective March 12, 2010 and will be paid as though she worked through March 12, 2010.

4. **Release**. In consideration of foregoing promises, Plaintiff hereby releases and forever discharges Defendant John E. Potter and the United States Postal Service, and any and all of their past and present officials, agents, employees, attorneys, insurers, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, including claims arising under the Age Discrimination in Employment Act, 29 U.S.C. § 633a, whether suspected or unsuspected, at law

or in equity, known or unknown, or omitted prior to the date he executes this Agreement, which arise from or relate to her employment with United States Postal Service.

     5. **Attorneys' Fees**.  The parties agree that plaintiff will be responsible for all claims for attorneys' fees and costs arising from work performed by Plaintiff's counsel at all stages of litigation, including, but not limited to, the processing of Plaintiff's administrative and district court complaints in connection with the above-captioned action, and any other EEO administrative proceedings which are currently pending.

     6. **Dismissal**.  In consideration of the payment of the Settlement Amount and the other terms of this Stipulation and Agreement, Plaintiff agrees that she will within seven days of this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims asserted in this Action or any claims that could have been asserted in this Action.  The fully executed Stipulation of Dismissal will be filed with the Court.

     7. **Waiver of California Civil Code § 1542**.  The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff has been apprised of the statutory language of Civil Code Section 1542 by his attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's claims and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this Agreement shall be and remain effective notwithstanding such material difference.

     8. **Agreement as a Complete Defense**.  This Agreement may be pleaded as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the Agreement.

     9. **No Admission of Liability**.  This is a compromise settlement of a disputed claim and demand, which settlement does not constitute an admission of liability or fault on the part of the

Defendant, the United States Postal Service, or any of their past and present officials, agents, employees, attorneys, or insurers on account of the events described in Plaintiff's complaints in these actions.

10. **Enforcement Sole Remedy**.  The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue his original causes of action.  Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in the United States District Court for the Northern District of California.

11. **Construction**.  Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof.  For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

12. **Severability**.  If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

13. **Integration**.  This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement.  The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement.  This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

14. **Authority**.  The signatories to this Agreement have actual authority to bind the parties.

15. **Application for Future Employment**.  Plaintiff agrees that she will not apply for employment at the United States Postal Service for a period of 20 years following the date of her

signature on this agreement.

16. Once Plaintiff signs and dates this Agreement, she will have seven (7) days in which to revoke her acceptance. To revoke, Plaintiff must send a written statement of revocation, which should be mailed and faxed to:

JOSEPH P. RUSSONIELLO
United States Attorney
JOANN M. SWANSON
Chief, Civil Division
ABRAHAM A. SIMMONS
Assistant United States Attorney

450 Golden Gate Avenue, 9th Floor
San Francisco, California 94102-3495

Telephone:    (415) 436-7264
Facsimile:    (415) 436-6748
Email: abraham.simmons@usdoj.gov

17. **Knowing and Voluntary Waiver of Remedies Under Age Discrimination in Employment Act.** Plaintiff acknowledges that she has been given a reasonable period of time to consider this Agreement. Plaintiff was advised to and did consult her attorney about the Agreement.

DATED: 06/09/10          _____
                         Plaintiff

DATED: 6/9/10            _____
                         Plaintiff's Attorney

DATED: 6/18/10           _____
                         ABRAHAM A. SIMMONS
                         Assistant United States Attorney
                         Attorney for Defendant

DATED: 6/18/10           _____
                         Agency Representative

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 6/29/10           _____
                         HON. ELIZABETH D. LAPORTE  Richard Seeborg
                         United States District Judge

5